UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMON TIMOTHY RASHAAD
LARRY,

        Plaintiff,

v.                                  Case No. 8:22-cv-1751-WFJ-AEP

MARY O'CONNER, *et al.*,

        Defendants.
_____/

## ORDER

Plaintiff, who proceeds *pro se*, initiated this action against Mary O'Conner and Ruben Delgado in their individual capacities (Docs. 1, 6). Currently before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, otherwise known as proceeding *in forma pauperis* (Docs. 2, 7). Additionally before the Court are Plaintiff's Motion for Leave to Amend (Doc. 8) and Amended Motion for Leave to Amend (Doc. 10). For the reasons stated below, the Court denies without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7) and denies as moot Plaintiff's Amended Motion for Leave to Amend (Doc. 10).

Plaintiff's Amended Complaint centers around two 911 phone calls placed to the Tampa Police Department ("TPD") regarding a "knocking noise" coming from the roof of his residence (Doc. 6, at 4). The police records attached to Plaintiff's

Amended Complaint[1] indicate that Plaintiff believed someone was "living in the vents" and that "the person who cleans the house put someone in the roof" and if he is "bad" the "person will come down and bite him" (Doc. 6-1, at 1; Doc. 6-2, at 1). In response to Plaintiff's first 911 call, Plaintiff alleges the police officer on the scene stated it was "too hot," refused to climb onto the roof, and suggested that Plaintiff should call an exterminator (Doc. 6, at 4; Doc. 6-1, at 2). Plaintiff notes also that the officer "objectively noted" that Plaintiff had a criminal history (Doc. 6, at 4). The next day, Plaintiff placed his second call to 911 regarding the "knocking noise," a call to which Plaintiff alleges there was no response (Doc. 6, at 4). However, Plaintiff also alleges the police drove to his home and the responding officer merely "sat [their] in car and drove off" (Doc. 6, at 4). The officer then "fraudulently noted" the event because the resultant police report lists the responding officer as female, yet Plaintiff observed a male officer (Doc. 6, at 4). Through these acts, Plaintiff alleges his Fourteenth Amendment rights of due process and equal protection were violated (Doc. 6, at 3). Thus, Plaintiff sues Mary O'Conner, the Chief of Police at TPD, and Ruben Delgado, Assistant Chief of

---

[1] "A copy of a written instrument that is an exhibit to a [complaint] is a part of the [complaint] for all purposes." Fed. R. Civ. P. 10(c). The Eleventh Circuit broadly interprets "written instrument" to include all documents attached to the complaint. *See, e.g.*, *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("In deciding whether a complaint states a claim upon which relief may be granted, we normally consider all documents that are attached to the complaint or incorporated into it by reference. The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss."). Plaintiff attached police reports to his Amended Complaint (*see* Docs. 6-1, 6-2). In deciding this motion, the Court has also considered those reports.

Police at TPD, under 42 U.S.C. § 1983 in their individual capacities (Doc. 6, at 2, 4).[2]

Pursuant to 28 U.S.C. § 1914, the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, however, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face."

---

[2] Plaintiff initially filed his Complaint against Brian Dugan (Doc. 1) but filed an Amended Complaint, terminating Brian Dugan as a defendant and instead listing Ruben Delgado (*see* Doc. 6). The Amended Complaint differs from his initial Complaint only in that the Amended Complaint substitutes Brian Dugan with Ruben Delgado (*compare* Doc. 2 *with* Doc. 7). Similarly, Plaintiff filed an amended Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7). The motion differs from his initial motion to proceed *in forma pauperis* only in that the second motion removes former defendant Brian Dugan from the motion (*compare* Doc. 2 *with* Doc. 7).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Further, an action is frivolous where the allegations lack an arguable basis either in law or in fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted).

District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (*per curiam*). Additionally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[3] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's

---

[3] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

Here, Plaintiff's Amended Complaint suffers from several deficiencies. As an initial matter, Plaintiff fails to allege an injury. As such, it appears that Plaintiff lacks standing. Second, to the extent Plaintiff asserts a legal theory, it is without merit, rendering the Amended Complaint frivolous. Finally, Plaintiff's Amended Complaint lacks sufficient facts from which a federal cause of action can be inferred.

To start, it appears that Plaintiff lacks standing. Under Article III of the Constitution, the jurisdiction of a federal court is limited to "cases" and "controversies." *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1124 (11th Cir. 2019). To satisfy the "case" or "controversy" requirement, a plaintiff in a matter must have standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). And for a plaintiff to have standing, they must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "To establish standing when seeking retrospective relief, a plaintiff must show that he has suffered 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560). A plaintiff at the pleading stage, as the party invoking federal jurisdiction, bears the burden of establishing these elements by alleging facts that "plausibly" demonstrate each

element. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). Moreover, a plaintiff's failure to carry the burden of demonstrating standing is sufficient grounds to deny a motion to proceed *in forma pauperis*. *See, e.g.*, *Trujillo v. Fla.*, 481 F. App'x 598 (11th Cir. 2012) (affirming district court's denial of a motion to proceed *in forma pauperis* for lack of standing); *Bassett v. Governor of Fla.*, 749 F. App'x 955 (11th Cir. 2019) (same). Here, Plaintiff seeks punitive damages of $3.6 million (Doc. 6, at 5). However, Plaintiff fails entirely to allege *any* injury—much less one that is fairly traceable to Defendants or redressable by a judicial decision. Plaintiff merely asserts police officers failed to climb onto his roof. How this failure injured him is not alleged. Because Plaintiff does not allege any injury in fact, there is no relief that can be afforded to him through a lawsuit. *See Dimaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301–1302 (11th Cir. 2008). Accordingly, on this record Plaintiff has failed to establish standing.

In addition to lacking allegations sufficient to demonstrate standing, Plaintiff's Amended Complaint is legally frivolous. To the extent Plaintiff asserts a legal theory, it lacks an arguable basis in law. *Miller*, 541 F.3d 1100. Under 42 U.S.C. § 1983, a plaintiff who has suffered a deprivation of any federal "rights, privileges, or immunities" secured by the Constitution or by statute "under color of any statute, ordinance, regulation, custom, or usage" may sue the person who caused the privation of their rights. 42 U.S.C. § 1983. Plaintiff attempts to state a claim that police inaction—not climbing onto Plaintiff's roof to remove the purported pest—violated his Fourteenth Amendment rights. However, Plaintiff

cannot bring a claim based on government's affirmative duty to act under these facts. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Similar to the goals of 42 U.S.C. § 1983, the Due Process Clause "was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). Thus, Supreme Court and Eleventh Circuit case law have generally held that the due process clause does not create an affirmative duty on the government to act except in certain circumstances. On this point, *Taylor v. Alexander*, 580 F. App'x 866, 868 (11th Cir. 2014), is instructive. In *Taylor*, the Eleventh Circuit considered Teresa Taylor's appeal of the district court's denial of her motion to proceed *in forma pauperis* and dismissal of her 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. *Id.* at 867. Taylor, who proceeded *pro se*, sued state police officers for their alleged "failure to come to her aid in a time of peril in her home," arguing that the officers "deprived [her] of the right to be protected and free from guns and violence." *Id*. The Eleventh Circuit affirmed the district court's dismissal, concluding the case was governed by *DeShaney,* 489 U.S. 189, and its progeny. *Id.* The Eleventh Circuit explained that in *Deshaney*:

> [T]he Court held under circumstances far more egregious than what Taylor alleges here that governmental agents had no affirmative duty to protect or aid someone injured while not in government custody

>and under circumstances not created by the government. "As a general matter ... we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the [substantive] Due Process Clause." 489 U.S. at 197, 109 S.Ct. at 1004. The Court recognized in dicta that a "special relationship" might exist between the State and an individual that would obligate the State to afford protection and care commensurate with the individual's State-deprived ability to afford his own (e.g., prisoners and involuntarily committed mental patients), but observed that "[t]he affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." 489 U.S. at 200, 109 S.Ct. at 1005–06 (citation omitted). *See also Wyke v. Polk Cy. School Bd.*, 129 F.3d 560 (11th Cir.1997).

*Id.* The Eleventh Circuit held that Taylor "allege[d] no facts from which the district court might have found the existence of the requisite 'special relationship' to which *DeShaney* alludes." *Id.* To the extent Plaintiff asserts a legal theory at all, Plaintiff's Amended Complaint suffers the same infirmities as the plaintiff in *Taylor*. Here, Plaintiff alleges the police officer who responded to his first call refused to climb onto Plaintiff's roof and in response to Plaintiff's second call, Plaintiff alleges the responding officer merely "sat [their] in car and drove off" (Doc. 6, at 4). Here, as in *Taylor*, Plaintiff fails to assert any special relationship that would entitle Plaintiff to affirmative government action.

In support, Plaintiff also cites a Tampa ordinance which states that "[t]he chief of police and such police officers as he may direct … shall have as their primary responsibility the prevention and detection of crime and the enforcement of city and county ordinances and state and federal laws." Tampa, Fla., Code of Ordinances § 18-1. Be that as it may, to be protected by due process, Plaintiff must point to an entitlement to which he has been deprived. *Bd. of Regents of State Colleges v. Roth*, 408

U.S. 564, 577 (1972). The Supreme Court has held that even in a case where a state statute provided that police "shall use" every reasonable means to enforce a restraining order, such language did not create such an entitlement. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 766–67 (2005); *see O'Bannon v. Town Court Nursing Center*, 447 U.S. 773, 787 (1980) ("[A]n indirect and incidental result of the Government's enforcement action ... does not amount to a deprivation of any interest in life, liberty, or property."). For these reasons, Plaintiff's claim lacks an arguable basis in law and is therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Miller,* 541 F.3d at 1100.

Although the Amended Complaint merits dismissal for either of the above-stated reasons, dismissal of the Amended Complaint would also be appropriate here because the facts, as plead, fail to meet the motion to dismiss standard. Again, in federal court, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678 (citation omitted). In order to succeed on a 42 U.S.C. § 1983 claim, the defendant must either be personally responsible for the harm or be responsible for the policy to which the harm is attributed. *Id.* at 676 ("[V]icarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Plaintiff's factual allegations are minimal. Most egregiously, Plaintiff's Amended Complaint is

9

devoid of facts pertinent to Mary O'Conner or Ruben Delgado, the only Defendants. Rather, Plaintiff's Amended Complaint details the actions of line officers and 911 call operators; without more, this conduct is not relevant to Plaintiff's claims against Defendants, who occupy supervisory roles in the TPD. If Plaintiff seeks to sue Mary O'Conner or Ruben Delgado, Plaintiff must allege specific facts that are pertinent to their actions. If Plaintiff seeks to sue the officers about whom Plaintiff's vague allegations seem to relate, Plaintiff must state as such in his pleadings.

While Plaintiff's Amended Complaint merits dismissal, rather than dismiss Plaintiff's claims in their entirety, it is appropriate to afford Plaintiff an opportunity to file an additional amended complaint and to renew the request to proceed without prepayment of fees and costs. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."). Additionally, if a *pro se* plaintiff names the wrong entity as a defendant in a § 1983 case—such as a county jail instead of the county itself—the court should consider allowing him to amend his complaint to change the defendant. *Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 136 n.3 (5th Cir. Unit A Apr. 1981). Accordingly, because Plaintiff is afforded an opportunity to file an additional amended complaint, the Court denies as moot Plaintiff's Motion for Leave to Amend (Doc. 8) and Amended Motion for Leave to Amend (Doc. 10).

For the foregoing reasons, it is hereby

ORDERED:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) and Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 7) are DENIED WITHOUT PREJUDICE.

2. Plaintiff's Motion for Leave to Amend (Doc. 8) and Amended Motion for Leave to Amend (Doc. 10) are DENIED AS MOOT.

2. Plaintiff shall have up to and including **December 23, 2022** to file a second amended complaint that sets forth a factual basis for the Court's jurisdiction, for the claims, and for the relief requested and to file a renewed request to proceed without prepayment of fees and costs.[4] Failure to file a second amended complaint within the allotted time may result in dismissal of this action without further notice.

DONE AND ORDERED in Tampa, Florida, on this 16th day of November, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Plaintiff, *pro se*

---

[4] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. To the extent Plaintiff would like assistance in pursuing his claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

11